*IN RE* HOOPER AND COLVIN.

DELK v. ZORN.

1. CONSTRUCTION OF CONSTITUTION.—When two sections of a Constitution are inconsistent, effect will ordinarily be given to that which is in harmony with other provisions, rather than to that which is inconsistent with more than one provision. *Dicta.*
2. MAGISTRATE—TRIAL JUSTICE—OFFICER—ART. V., CON. 1895.—Persons holding the office of trial justice at the time of the adoption of the Constitution of 1895, were continued in office by that Constitution under the name of magistrates until their successors should be appointed and qualified, with all the powers and duties previously belonging to the office of trial justice.

The first case is an application in the original jurisdiction of the Court by Amos Hooper and Brown Colvin for writ of habeas corpus; they having been imprisoned by a magistrate who held the office of trial justice at the adoption of the Constitution of 1895, and whose term had not expired.

The second is an action by Henry K. Delk against John C. Zorn to foreclose a rent lien. It was tried before magistrate February 1st, 1896. Judgment for plaintiff. Defendant appealed. Circuit Judge reversed judgment below. Plaintiff appealed.

In first case, *Mr. F. L. Whitlock*, for petitioner.

*Mr. Assistant Attorney General Townsend*, contra.

In second case, *Mr. S. G. Mayfield*, for appellant.

*Mr. Larey T. Izlar*, contra.

Jan. 6, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. The only questions raised in these two cases is whether magistrates have under the Constitution of 1895 the powers and jurisdiction formerly exercised by trial justices. We will first mention the sections of the Constitution touching this question and then proceed to a

consideration of them. Sections 20, 21, 23, and 34, article V., and subdivisions first, third, and sixth of section 11, article XVII., of the Constitution of 1895, are as follows:

Sec. 20, art. V.: "A sufficient number of magistrates shall be appointed and commissioned by the governor, by and with the advice and consent of the senate, for each county, who shall hold their offices for the term of two years and until their successors are appointed and qualified. Each magistrate shall have the power, under such regulations as may now or hereafter be provided by law, to appoint one or more constables to execute writs and processes issued by him. The present trial justices are declared magistrates as herein created, and shall exercise the powers and duties of said office of magistrate until their successors shall be appointed and qualified. Each magistrate shall receive a salary, to be fixed by the General Assembly, in lieu of all fees in criminal cases."

Sec. 21, art. V.: "Magistrates shall have jurisdiction in such civil cases as the General Assembly may prescribe: *Provided*, Such jurisdiction shall not extend to cases where the value of property in controversy, or the amount claimed, exceeds $100, or to cases where the title to real estate is in question, or to cases in chancery. They shall have exclusive jurisdiction in such criminal cases as the General Assembly may prescribe: *Provided, further*, Such jurisdiction shall not extend to cases where the punishment exceeds a fine of $100 or imprisonment for thirty days. In criminal matters beyond their jurisdiction to try, they shall sit as examining courts, and commit, discharge or (except in capital cases) recognize persons charged with such offenses, subject to such regulations as the General Assembly may provide. They shall, also, have the power to bind over to keep the peace and for good behavior for a time not to exceed twelve months."

Sec. 23, art. V.: "Every civil action cognizable by magistrates shall be brought before a magistrate in the county where the defendant resides, and every criminal action in

the county where the offense was committed.   In all cases
tried by them, the right of appeal shall be secured under
such rules and regulations as may be provided by law:
*Provided*, That in counties where magistrates have separate
and exclusive territorial jurisdiction, original causes shall
be tried in the magistrate's district where the offense was
committed, subject to such provision for change of venue
from one magistrate's district to another in the same county
as may be provided by the General Assembly."

Sec. 34, art. V.: "All matters, civil and criminal, now
pending within the jurisdiction of any of the courts of this
State shall continue therein until disposed of according to
law."

Sec. 11, art. XVII.: "That no inconvenience may arise
from the change in the Constitution of this State, and in
order to carry this Constitution into complete operation, it
is hereby declared: *First*. That all laws in force in this
State at the time of the adoption of this Constitution, not
inconsistent therewith and constitutional when enacted,
shall remain in full force until altered or repealed by the
General Assembly or expire by their own limitation.   All
ordinances passed and ratified at this convention shall have
the same force and effect as if included in and constituting
a part of this Constitution."

*Third.* "The provisions of all laws which are inconsistent
with this Constitution shall cease upon its adoption, except
that all laws which are inconsistent with such provisions of
this Constitution as require legislation to enforce them shall
remain in force until such legislation is had."

*Sixth.* "All officers, State, executive, legislative, judicial,
circuit, district, county, township, and municipal, who may
be in office at the adoption of this Constitution, or who may
be elected before the election of their successors as herein
provided, shall hold their respective offices until their terms
have expired and until their successors are elected or ap-
pointed and qualified, as provided in this Constitution,
unless sooner removed as may be provided by law, and shall

receive the compensation now fixed by the statute laws in force at the adoption of this Constitution."

A Constitution should be construed as a whole, and, if possible, effect should be given to all its provisions. Even, however, if sections 20 and 21 of article V. should be regarded as inconsistent, section 20 is in harmony with the other provisions of the Constitution hereinbefore mentioned; and when two sections are inconsistent, effect will ordinarily be given to that section which is in harmony with other provisions rather than to that which is inconsistent with more than one provision of the Constitution. So that if only one of said sections could be construed to be of force, section 20, and not 21, would be construed to be in effect. But the Court is of the opinion that all of said sections are of force and effect.

One of the objects of section 20 was to change the name of trial justice to that of magistrate. The trial justices then in office were expressly declared to be magistrates, and were empowered to exercise the *powers* and *duties* of the office of magistrate until their successors should be appointed and qualified. The effect of declaring trial justices then in office to be magistrates, and conferring upon them the *powers* and *duties* of magistrates, was simply to change the name of trial justice to that of magistrate, otherwise this provision would be meaningless and nugatory. This is not the only change of name made by the Constitution. The members of the Supreme Court are styled Justices, to distinguish them from the Judges of the Circuit Court. The institution formerly known as the State Lunatic Asylum is therein styled the State Hospital for the Insane. It is a well known fact that the name of trial justice was never very euphonious in the ears of many people in this State, and this was one of the reasons for the change of name to that of magistrate. Having changed the name of trial justice to that of magistrate, it was appropriate for the Constitution to provide that the trial justices then in office should exercise the powers and duties of magistrates

rather than of trial justices. The change was simply in the name of the officer, not of his powers and duties. The provision in section 20, article V., that each magistrate should have the power, under such regulations as may *now* or hereafter be provided by law, to appoint a constable, shows it was intended that magistrates should exercise the powers and duties formerly exercised by trial justices, as soon as the Constitution went into operation. The provisions of section 21, article V., that the jurisdiction of magistrates was to be prescribed by the General Assembly, must be construed in connection with section 11 of article XVII., especially subdivisions third and sixth thereof. As it required legislation to enforce the provisions of section 21, article V., the laws of force when the Constitution went into effect, although inconsistent therewith, remained in force until such legislation. At the time the Constitution went into effect the law was of force declaring trial justices to be magistrates, and conferring upon them the powers and duties formerly exercised by trial justices; they, therefore, have the right to exercise said powers and duties of the office of magistrate until their successors shall be appointed and qualified. In the case of *Middleton* v. *Taber*, 46 S. C., 337, section 11 of article XVII., was construed by this Court, and it was decided to be the intention of the Constitution that there should not be a break in any of the departments of goverment, as otherwise great inconvenience would have ensued. The provisions of section 11, article XVII., were intended to meet just such cases as these.

In the case of *In re* Amos Hooper and Brown Colvin, an order has heretofore been filed in accordance with these views.

In the case of Henry K. Delk against John C. Zorn, it is the judgment of this Court, that the order of the Circuit Court be reversed.